UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GERALD F. ADAIR,                                              No. 08-10704

                             Debtor(s).
_____/

TERRY LEE, et al.,

                             Plaintiff(s),

            v.                                      A.P. No. 08-1075

GERALD F. ADAIR,

                             Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      In a state court lawsuit before bankruptcy, plaintiff Terry Lee filed a cross-complaint against debtor and defendant Gerald Adair for breach of contract, fraud and deceit, negligent and intentional misrepresentation and money had and received. Lee obtained a default judgment which included punitive damages. Adair appealed, and the judgment was affirmed on appeal save for the punitive damages, which were reversed. Lee seeks summary judgment declaring his state court judgment nondischargeable in this adversary proceeding based on principles of issue preclusion.

1

1    The state court made no specific finding of fraud. However, such a finding would have been implicitly
2    necessary to support the punitive damages. Therefore, if the entire judgment had been affirmed on appeal
3    principles of issue preclusion would make a trial in this court unnecessary and Lee would be entitled to a
4    declaration that his judgment is nondischargeable. See *In re Cantrell,* 329 F.3d 1119, 1125 (9th Cir. 2003).

5    Lee argues that the appellate court reversed the punitive damages only because the trial court failed to
6    take Adair's financial status into consideration, so that there is still an implicit finding of fraud. However,
7    whatever the reason articulated by the appellate court, the fact is that all Lee now has is a default judgment
8    with no finding of fraud and no basis for the court to infer fraud. When there is an appellate reversal, the
9    parties' rights are left wholly unaffected by the determination that was reversed; the effect is the same as if it
10   had never been entered. *County of San Diego v. Miller*, 102 Cal.App.3d 424, 430 (1980); 5 Cal Jur 3d,
11   Appellate Review, § 697; 5 Am. Jur. 2d, Appellate Review, § 803. Accordingly, Lee's motion for
12   summary judgment must be denied. Either party may submit an appropriate order.

14   Dated: January 10, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2